UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GENE O. POLK,

    Petitioner,

vs.                                                  Case No. 11-11252

UNITED STATES OF AMERICA,

                                                             HON. AVERN COHN

    Respondent.

_____/

### ORDER DENYING PETITION FOR WRIT OF AUDITA QUERELA PURSUANT TO 28 U.S.C. § 1651

#### I. Introduction

This is a case under 28 U.S.C. § 1651. Before the Court[1] is Petitioner Gene O. Polk's (Petitioner) petition for a writ of audita querela, essentially arguing that the United States Supreme Court's decision in United States v. Richardson, 526 U.S. 813 (1999) entitles him to relief.[2] For the reasons which follow, the petition is DENIED and this case is DISMISSED.

#### II. Background

##### A.

---

[1] The petition was opened as a new civil case, No. 11-11252. It was reassigned to the undersigned as a companion to Petitioner's criminal case, No. 92-81127.

[2] In Richardson, the Supreme Court held that "a jury in a federal criminal case brought under § 848 [the CCE statute] must unanimously agree not only that the defendant committed some 'continuing series of violations' but also that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series,'" 526 U.S. at 815

On February 21, 1995, Petitioner was charged, along with others known as members of the "Best Friends" organization, in a 20 count second superseding supplemental indictment.  Terrance Brown was the leader of the Best Friends organization and was originally indicted for organizing a continuing criminal enterprise (CCE) under 28 U.S.C. § 848(a) and (c).  Brown was killed before trial.  The case proceeded to trial against Petitioner and others.

On December 8, 1995, Petitioner was convicted of (1) conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, (2) intentional killing in furtherance of a (CCE), aiding and abetting, in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 (a CCE murder), and (3) use or carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  On April 16, 1996, Petitioner was sentenced to life imprisonment plus 25 years.

B.

Petitioner then began a long process of challenging his convictions and sentence.[3]  Petitioner first filed a timely appeal to the Court of Appeals for the Sixth Circuit where his conviction and sentence were upheld.  See United States v. Polk, Nos. 96-1492, 96-1534, 96-1512, 96-1710, 96-1533, 1999 WL 397922 (6th Cir. June 2, 1999) (unpublished).  The Sixth Circuit also denied Petitioner's motions for rehearing and rehearing en banc.  See Orders filed on August 23, 1999 and September 3, 1999 in United States v. Polk, Ct. of Appeals Case Nos. 96-1492, 96-1534, and 96-1533.  The

---

[3]Petitioner sets forth additional procedural history in his petition regarding his appeals.  What follows is the case information the Court was able to verify.

United States Supreme Court denied a writ of certiorari.  See Order filed on April 17, 2000 in United States v. Polk, Sup. Ct. Case. No. 99-7188.

Petitioner then filed a motion under 28 U.S.C. § 2255, arguing, as he does here, that the Supreme Court's decision in Richardson v. United States, 526 U.S. 813 (1999) entitled him to relief under § 2255.  The case was assigned to the undersigned.  The Court denied the motion.  See Polk v. United States, No. 01-70395 (E.D. Mich. July 10, 2001).  The Court denied a certificate of appealability.  The Sixth Circuit denied the appeal.  See Polk v. United States, No. 01-2309 (6th Cir.).

In 2003, Petitioner filed a motion in the Sixth Circuit seeking permission to file a successive § 2255.  The request was denied.  See In re: Gene O. Polk, No. 03-2286 (6th Cir. Mar. 30, 2004).

In 2006, Petitioner filed a petition under 28 U.S.C. § 2241 in the Middle District of Florida.  The district court dismissed the petition for failing to meet the requirements of section 2241.  The district court also noted that to the extent the petition was construed as being brought under section 2255, Petitioner had not obtained permission to file it.  See Polk v. Yates, No. 04-548 (M.D. Fl. Oct. 25, 2006).

In 2007, Petitioner filed a second petition under section 2241 in this district, which was assigned to a different district judge.  See Polk v. Menifee, 07-13089 (E.D. Mich.).  The district court transferred the petition to the Western District of Louisiana as that was the jurisdiction over Petitioner's custodian.  Upon transfer, the district court denied the petition and dismissed it for lack of jurisdiction.  See Polk v. Menifee, No. 07-1309 (W.D. La. Sept. 27, 2008).  Petitioner appealed.  The Fifth Circuit affirmed.  Polk v. Menifee, No. 07-30952, (5th Cir. June 19, 2008).

United States Supreme Court denied a writ of certiorari.  See Order filed on April 17, 2000 in United States v. Polk, Sup. Ct. Case. No. 99-7188.

Petitioner then filed a motion under 28 U.S.C. § 2255, arguing, as he does here, that the Supreme Court's decision in Richardson v. United States, 526 U.S. 813 (1999) entitled him to relief under § 2255.  The case was assigned to the undersigned.  The Court denied the motion.  See Polk v. United States, No. 01-70395 (E.D. Mich. July 10, 2001).  The Court denied a certificate of appealability.  The Sixth Circuit denied the appeal.  See Polk v. United States, No. 01-2309 (6th Cir.).

In 2003, Petitioner filed a motion in the Sixth Circuit seeking permission to file a successive § 2255.  The request was denied.  See In re: Gene O. Polk, No. 03-2286 (6th Cir. Mar. 30, 2004).

In 2006, Petitioner filed a petition under 28 U.S.C. § 2241 in the Middle District of Florida.  The district court dismissed the petition for failing to meet the requirements of section 2241.  The district court also noted that to the extent the petition was construed as being brought under section 2255, Petitioner had not obtained permission to file it.  See Polk v. Yates, No. 04-548 (M.D. Fl. Oct. 25, 2006).

In 2007, Petitioner filed a second petition under section 2241 in this district, which was assigned to a different district judge.  See Polk v. Menifee, 07-13089 (E.D. Mich.).  The district court transferred the petition to the Western District of Louisiana as that was the jurisdiction over Petitioner's custodian.  Upon transfer, the district court denied the petition and dismissed it for lack of jurisdiction.  See Polk v. Menifee, No. 07-1309 (W.D. La. Sept. 27, 2008).  Petitioner appealed.  The Fifth Circuit affirmed.  Polk v. Menifee, No. 07-30952, (5th Cir. June 19, 2008).

On March 29, 2011, Petitioner filed the petition for writ of audita querela.

### III.  Analysis

The writ of audita querela is a common-law writ that affords relief only in very limited circumstances in criminal cases.  It is "used to attack a judgment that was correct when rendered, but that later became incorrect because of circumstances that arose after the judgment was issued."  Carrington v. United States, 503 F.3d 888, 890 n. 2 (9th Cir. 2007); see also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (writ of audita querela "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy.") (emphasis added). Where the petitioner's legal objection to his conviction centers on an issue of statutory interpretation, audita querela is only a possible remedy where the petitioner is "factually or legally innocent as a result of a previously unavailable statutory interpretation."  In re Dorsainvil, 119 F.3d 245, 248 (3d Cir. 1997).

Petitioner clearly has legal, rather than factual, objections to his conviction.  The petition rests on a substantive legal argument about whether Richardson entitles him to relief.  This is a clear indication that Petitioner is actually seeking a writ of habeas corpus, rather than a writ of audita querela.  As such, relief is not available.  See United States v. Herrera, 216 F. App'x 809, 811 (10th Cir. 2007) (when a petition asserts substantive claims to set aside a conviction, the petition is treated as one for habeas corpus, rather than audita querela);Shelton v. United States, 201 Fed. Appx. 123, 124 (3d Cir. 2006) ("For claims that are cognizable in a § 2255 motion, the writ of audita querela is not available.  In particular, the writ cannot be invoked in order to enable a

defendant to file a § 2255 claim, but avoid complying with the rules that govern such motions.") (citations removed).  That is, because Petitioner already filed a § 2255 motion, absent permission from the Sixth Circuit, he cannot file a second motion.

Finally, based on Sixth Circuit precedent, it appears that there is also a further limitation on the availability of audita querela relief that would preclude Petitioner from obtaining this writ.  In Frost v. Snyder, 13 F. App'x 243, 245 n. 1 (6th Cir. 2001), the Sixth Circuit stated that a writ of audita querela "requires satisfaction of the judgment, [and] it can only be used when the petitioner has served his or her sentence and been released from custody."  Id. (quoting Ira P. Robbins, The Revitalization of the Common-Law Civil Writ of Audita Querela As a Postconviction Remedy in Criminal Cases: The Immigration Context and Beyond, 6 GEO. IMMIGR. L.J. 643 (1992)).  Petitioner has not finished serving the sentence imposed by the Court in 1995.  Thus, he is thus precluded from obtaining a writ of audita querela, even were there no other roadblocks to his obtaining the writ.

SO ORDERED


Dated:  April 21, 2011         S/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed Gene Polk, 20151039 U. S. P. - Pollock, P.O. Box 2099, Pollock, LA 71467 on this date, April 21, 2011, by electronic and/or ordinary mail.

                               S/Julie Owens
                               Case Manager, (313) 234-5160